UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:14-cv-00162-JSM-AEP

ROBB & STUCKY INTERNATIONAL, INC.

        Plaintiff,

v.

ROBB'S PATIO, LLC, DOUGLAS PROPES, individually

        Defendants.

_____ /

## CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION

Plaintiff, Robb & Stucky International, Inc. ("Robb & Stucky") and Defendants, Robb's Patio, LLC and Douglas Propes (collectively referred to as "Defendants"), having so stipulated to the following, and the Court being duly advised:

UPON CONSIDERATION of the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Consent Final Judgment.

Plaintiff, Robb & Stucky, seeks a permanent injunction against Defendants under the Lanham Act to prevent trademark infringement. To receive a permanent injunction, Robb & Stucky must demonstrate that (1) it has suffered an irreparable injury; (2) remedies at law are inadequate to compensate for that injury; (3) considering the balance of hardships between Robb & Stucky and Defendants, a remedy in equity is warranted, and (4) the public interest would not be disserved by a permanent injunction. Ebay Inc., v. Mercexchange, L. L. C., 547 U.S. 388, 391 (2006). Robb & Stucky has met all of the above elements. Specifically, Robb & Stucky has presented evidence that Defendants have infringed the following trademarks owned by Robb & Stucky: United States Registration Number 1,550,554 for the trademark "ROBB & STUCKY"

1

and United States Registration Number 4,461,833 for the trademark "ROBB & STUCKY INTERNATIONAL" (collectively the "Marks"). Without the entry of an injunction preventing Defendants from unauthorized use of the Marks, Robb & Stucky will lose its ability to control the nature and quality of the goods and services provided under the Marks. There is no other adequate remedy to halt Defendants' unauthorized use of the Marks. Further, the balance of the hardships favors Robb & Stucky because the goodwill associated with the Marks will be significantly eroded if Defendants are permitted to continue using the Marks without authorization. An injunction against Defendants' use of the Marks will serve the public interest because the public deserves not to be led astray by the use of inevitably confusing marks. The Court finds that this threatened injury outweighs any potential harm to Defendants and this injunction will not disserve the public interest.

For the above reasons, the permanent injunction is granted.

Thus, pursuant to Federal Rule of Civil Procedure 65, and the provisions of 15 U.S.C. § 1116, it is hereby ORDERED AND ADJUDGED as follows:

1. Defendants, its officers, servants, employees, successors and assigns, are permanently restrained and enjoined from using the Marks, or any mark similar thereto or likely to cause confusion therewith, in the sale, offering for sale, displaying, distributing, shipping, transferring, importation, marketing, promoting, or advertising of furniture or similar merchandise, at any locality in the United States in a manner which is likely to cause confusion, or to cause mistake or to deceive.

2. Defendants, its officers, servants, employees, successors and assigns, are permanently restrained and enjoined from using any simulation, reproduction, counterfeit, copy of or colorable imitation of the Marks in a manner which is likely to cause confusion, or to cause

mistake or to deceive in connection with the promotion, advertisement, display, sale, manufacture, production, importation, exportation, circulation, distribution, offering for sale of services or goods in such fashion as to relate or connect, or tend to relate or connect, such services or goods in any way to Robb & Stucky , or to any services and goods, manufactured, sponsored, or approved by, or connected with Robb & Stucky.

3. Defendants, its officers, servants, employees, successors and assigns, are permanently restrained and enjoined from making any statement or representation whatsoever, or using any false designation of origin or false description (including, without limitation, any letter or symbols), or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any services or goods manufactured, distributed or sold by the Defendants, is in any manner associated with Robb & Stucky .

4. Defendants, its officers, servants, employees, successors and assigns, are permanently restrained and enjoined from assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in Paragraphs (1) through (3) above; and

5. Defendants shall deliver to Robb & Stucky's attorneys within sixty (60) days after issuance of this Consent Final Judgment, to be impounded or destroyed by Robb & Stucky , all signs, labels, catalogues, packages, wrappers and advertisements bearing the Marks or any reproduction, counterfeit, copy of colorable imitation thereof, and all equipment, plates, molds, matrices, and other means for making same.

6. Within sixty (60) days after issuance of this Consent Final Judgment, Defendants shall file with the Clerk of this Court and serve on Robb & Stucky, a report in writing, under oath,

setting forth in detail the manner and form in which Defendants has complied with the foregoing Consent Final Judgment.

      7.      Robb & Stucky shall have and recover from Defendants, jointly and severally, the sum of $21,500.00 for which sum let execution issue forthwith.

      8.      The Court hereby reserves jurisdiction to enforce this Consent Final Judgment and/or the Settlement Agreement executed by Robb & Stucky and Defendants.

      9.      The Clerk is directed to close this case.

DONE AND ORDERED in Tampa, Florida, this 29th day of October, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All counsel/parties of record

S:\Even\2014\14-cv-162 consent final judgment.docx